PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE DAVIS, | ) | CASE NO. 1:19-CV-1456 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN BRIGHAM SLOAN. | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 16, 25, 31, 32, 35, |
| Respondent. | ) | 36, and 40] |

Pending before the Court is Petitioner Dwayne Davis's Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner alleges five grounds for relief.  The

case was referred to Magistrate Judge James R. Knepp, II, for a Report and Recommendation

pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  The Magistrate Judge subsequently

issued a report (ECF No. 24) recommending that the Court deny the petition because Petitioner's

claims are time-barred.  Petitioner filed Objections to the Magistrate Judge's Report and

Recommendation (ECF No. 25).  Respondent filed a Response to Petitioner's objections,

claiming that Petitioner's objections are not proper under 28 U.S.C. § 636(b)(1)(A) and that

Petitioner has thus waived the Court's *de novo* review of the Report and Recommendation.  ECF

No. 26.  Petitioner subsequently filed a "Response" to Respondent's Response.  ECF No. 27.

Before the Report and Recommendation was issued, Petitioner filed a Motion for

Summary Judgment (ECF No. 16).  After the Report was issued, he filed the following motions:

Motion for Leave of Court to File Motion for Production of Documents (ECF No. 31), Motion

for Leave of Court to File Motion for Proving an Official Record (ECF No. 32), Motion to Strike

Motion for Leave of Court to File Motion for Production of Documents and Motion for Leave of

(1:19-CV-1456)

Court to File Motion for Proving an Official Record (ECF No. 35), Motion for Leave of Court to

File Motion Challenging the Trial Court's Lack of Subject Matter Jurisdiction and to Produce

Prosecution Initiating Documents in Case # 2013CRA11351 (ECF No. 36), and Motion for

Leave of Court to File Motion to Supplement "Miscarriage of Justice" Claim within Magistrate's

Report and Recommendation with Colorable Evidence of Actual Innocence (ECF No. 40).

For the following reasons, Petitioner's Objections are overruled, Petitioner's Motions are

denied as moot, the Report and Recommendation is adopted, and the Petition is dismissed.

## I. Background

A Cuyahoga County grand jury returned an indictment against Petitioner for one count of

second-degree felony burglary, one count of third-degree felony attempted burglary, one count of

possession of criminal tools, two counts of criminal damaging, and one count of intimidation of a

crime victim or witness.  ECF No. 24 at PageID#: 1016.

Petitioner pleaded guilty to a second-degree felony burglary charge, a fourth degree

felony burglary charge, and intimidation of crime victim or witness as charged.  *Id.*  The

remaining charges were nolled by the State.  *Id.* at PageID#: 1016-17.  Petitioner was sentenced

to an aggregate ten-year prison term.  *Id.* at PageID#: 1017.  Petitioner appealed and the Ohio

appellate court affirmed the sentence.  *Id.* at PageID#: 1017-18.

Petitioner filed a motion to withdraw his guilty plea.  *Id.* at PageID#: 1018.  This motion

was pending in the trial court during Petitioner's direct appeal of the sentence.  *See id.* at

PageID#: 1016-19.  The trial court denied Petitioner's motion to withdraw his guilty plea and the

(1:19-CV-1456)

Ohio appellate court affirmed.  *Id.* at PageID#: 1019.  Having not appealed to the Ohio Supreme

Court, Petitioner's conviction became final on December 12, 2016.  *Id.* at PageID#: 1020, 1027.

Petitioner next filed a motion in the state trial court to vacate or set aside the conviction,

which was denied as untimely.  *Id.* at PageID#: 1020.  The state appellate court affirmed.  *Id.* at

PageID#: 1021.  After the appellate court affirmed the denial of Petitioner's motion to vacate or

set aside, he filed four subsequent state habeas petitions in April 2018, August 2018, November

2018, and March 2019.  *Id.* at PageID#: 1021-23.  Each habeas petition was dismissed.  *Id.*

Petitioner, challenging his conviction, filed the instant habeas corpus petition on June 24,

2019, asserting five grounds for relief:

> **Ground One:** Ineffective assistance of counsel; fail to investigate; fail to properly
> prepare; wrongful advice; refused to challenge prosecution's case; refused to
> engage in adversarial process to defend client's constitutional rights.
>
> **Ground Two:** Fourth and Fourteenth Amendment violation: warrantless arrest (in
> home); warrantless entry; warrantless search.
>
> **Ground Three:** Fourteenth Amendment violation: Prosecutorial misconduct.
> Prosecution charged Petitioner without having probable cause; no warrant from
> warrantless arrest; no probably cause ever determined.
>
> **Ground Four:** "Sufficiency of the Evidence": Fourteenth Amend violation: none
> of the charges had the essential elements proven, there was not enough evidence
> introduced in favor of the prosecution for a rational trier of fact to find each
> element of the crime(s) beyond a reasonable doubt.
>
> **Ground Five:** Fourteenth Amendment violation as well as Fourth Amendment.
> Fabrication of probable cause.  Lying and urging prosecution to initiate an unjust
> prosecution, deliberately omitting information material to the finding of probably
> cause.  Deliberate falsehoods and reckless disregard for the truth.  Police and
> prosecution lied: permitting warrantless arrest, entry, and search.  Never filing
> affidavit establishing probable cause.

3

(1:19-CV-1456)

ECF No. 1 at PageID #: 5-11.

Magistrate Judge Knepp concluded that Petitioner's claims are time-barred and recommended that the Petition be dismissed in its entirety.  *See* ECF No. 24 at PageID #: 1025. The Court has reviewed the record carefully and agrees with the Magistrate Judge's conclusion.

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*.

## III.  Law & Analysis

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001).

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a

4

(1:19-CV-1456)

perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also* *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See* *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

### A. Petitioner's Objections

In the Report and Recommendation, the Magistrate Judge analyzed Petitioner's claims and concluded that all five claims are time-barred and should therefore be dismissed. *See* ECF No. 24 at PageID#: 1025. Petitioner raises three distinct arguments in his Objections to the Report and Recommendation: Petitioner argues that (1) Respondent failed to respond to each of Petitioner's claims; (2) the state trial court lacked subject matter jurisdiction; and (3) the state trial court lacked personal jurisdiction. *See* ECF No. 25. The Court also construes Petitioner's Motion for Leave of Court to File Motion to Supplement "Miscarriage of Justice" Claim within Magistrate's Report and Recommendation with Colorable Evidence of Actual Innocence (ECF No. 40) as an objection to the Magistrate Judge's finding that the statute of limitations could not be excused on the basis of Petitioner's showing of actual innocence. ECF No. 24 at PageID#: 1032-33.

Petitioner's first argument, that Respondent failed to properly respond to all of his claims, is not a proper objection because it is not responsive to the Magistrate Judge's finding that all of Petitioner's claims are time-barred.

(1:19-CV-1456)

Petitioner's second argument is responsive, however, because he attempts to show that his claims cannot be time-barred because they go to the subject matter jurisdiction of the state trial court, and subject matter jurisdiction "may be challenged at any time." ECF No. 25 at PageID#: 1037; *see also* ECF No. 27.

Petitioner has misapplied the principle that subject matter jurisdiction may be challenged at any time. That is a principle of American jurisprudence. *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). But the principle applies to *direct* challenges *i.e.*, challenges made in the same proceeding, either before the trial court or on appeal. Petitioner is presently making a *collateral* challenge to his conviction, *i.e.*, a challenge in a separate proceeding. Furthermore, Petitioner is challenging his conviction in an entirely different court system from the one in which he was convicted. The subject matter jurisdiction of the state trial court that convicted Petitioner is an issue of state law, and as such is not subject to collateral attack in a subsequent federal proceeding such as this one. *See Estelle*, 502 U.S. 62, 67-68. Thus, Petitioner's argument is not cognizable in this proceeding and is not a defense to the expiration of the statute of limitations.

Petitioner's third argument is that the state trial court lacked personal jurisdiction. ECF No. 25, PageID#: 1038. This argument is not responsive to the Magistrate Judge's finding that all of Petitioner's claims are time-barred. Additionally, this argument largely rehashes Petitioner's Fourth Amendment claims. *See id.* ("Undisputed is that fact that Petitioner . . . was warrantlessly arrest [sic] without probable cause nor exigent circumstances."). An objection to a Report and Recommendation is "not meant to simply be a vehicle to rehash arguments set forth

6

(1:19-CV-1456)

in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520, at *1 (N.D. Ohio Jan. 31, 2020); *see also Roberts v. Warden, Toledo Corr. Inst.*, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review *de novo* objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition."); *Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate [judge.]").  Petitioner's "personal jurisdiction" objection is a mere recitation of his arguments resolved by the Report and Recommendation and presents no matters for further review.

Finally, Petitioner argues that the actual innocence exception should excuse the expiration of the statute of limitations.  ECF No. 40 at PageID#: 1142.  A petitioner's evidence of actual innocence can toll the statute of limitations, but this exception is only granted under extraordinary circumstances.  "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Petitioner must demonstrate that new, reliable evidence has been produced, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Petitioner's objection presents evidence that was already considered by the Magistrate Judge, and Petitioner's arguments merely contest the legal sufficiency of the

7

(1:19-CV-1456)

convictions rendered by the state court instead of demonstrating that Petitioner is factually innocent. *See* ECF No. 40. Because Petitioner has not presented new evidence demonstrating that he is factually innocent of the crimes for which he was convicted, he cannot seek refuge in the actual innocence exception to the statute of limitations.

Petitioner's Objections (ECF No. 25) are overruled. To the extent Petitioner's Motion for Leave of Court to File Motion to Supplement "Miscarriage of Justice" Claim within Magistrate's Report and Recommendation with Colorable Evidence of Actual Innocence (ECF No. 40) makes an objection to the Report and Recommendation, it is overruled.

### IV. Conclusion

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation (ECF No. 24) and adopts it as the opinion of the Court. Dwayne Davis's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed. Petitioner's additional Motions (ECF Nos. 16, 25, 31, 32, 35, 36, and 40) are denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

<u>   August 28, 2020   </u>               <u>   */s/ Benita Y. Pearson*   </u>
Date                                    Benita Y. Pearson
                                        United States District Judge

8